UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.                                CASE NO: 6:13-cr-230-Orl-40TBS

DONALD NAPOLEON

     Defendant.

_____

## REPORT AND RECOMMENDATION

This case is before the Court on the United States of America's Petition for Warrant or Summons for Offender on Supervised Release (Doc. 199). Earlier today, I held a contested hearing on this matter and now recommend that the Court find in favor of Defendant Donald Napoleon.

On April 9, 2014, Defendant was sentenced to 24 months in prison followed by 2 years of supervised release for conspiring to commit fraud and related activities in connection with access devices (Doc. 114 at 2-3). His sentence included a requirement that he pay $25,240.63 in restitution (Id., at 4). Defendant subsequently admitted to violating his conditions of supervised release by voluntarily using marijuana on two occasions (Doc. 171). The Court accepted Defendant's admission and on June 14, 2017 it revoked his supervised release and sentenced him to time served followed by a new term of 24 months of supervised release (Doc. 179 at 1-3). The Court's judgment incorporates Defendant's obligation to pay $25,240.63 in restitution (Id., at 3).

Defendant is now before the Court on a petition that originally alleged that he had violated his conditions of supervised release as follows:

1. **New criminal conduct, Felon in Possession of a Firearm, occurring on May 2, 2019, while on supervision in violation of the conditions of supervision:** On May 2, 2019, the defendant was stopped by law enforcement after he was observed driving without a seatbelt. The defendant informed law enforcement his driver's license was suspended and consented to a search of his vehicle. Law enforcement found a firearm, a KW9 KAHR, in the driver's side door pocket. He was subsequently charged with Felon in Possession of a Firearm in Winter Haven, Florida, report #190020971.

2. **New criminal conduct, Possession of ammunition, in violation of the conditions of supervision**: On May 2, 2019, in Winter Haven, Florida, the defendant was found in possession a firearm, KW9 KAHR, with a magazine containing six, 9 mm bullets.

3. **New criminal conduct, Carrying Concealed Firearm, occurring on May 2, 2019, while on supervision in violation of the conditions of supervision:** On May 2, 2019, law enforcement located a firearm, KW9 KAHR, in the driver's side door pocket of the defendant's vehicle. He was subsequently charged with Carrying a Concealed Firearm in Winter Haven, Florida, report #190020971.

4. **New criminal conduct, Driving with a Suspended License with Knowledge, occurring on May 2, 2019, while on supervision in violation of the conditions of supervision:** On May 2, 2019, the defendant was stopped by law enforcement after he was observed driving without a seatbelt. He informed law enforcement that his driver's license was suspended. He was subsequently charged with Driving with a Suspended License with Knowledge in Winter Haven, Florida, report #190020971.

5. **Failure to make Restitution payments in violation of the Court's order, which requires him to make payments as follows**: The defendant shall pay restitution at the rate of $50.00 per month. Between July 12, 2017, and May 3, 2019, the defendant has failed to make restitution payments as ordered by the Court on July 12, 2017. His current restitution balance is $16,304.37.

(Doc. 199 at 1-2). At the beginning of the hearing, the government voluntarily dismissed paragraphs 1-4 without prejudice.[1] It then called Probation Officer William Delgadillo as its only witness concerning Defendant's alleged failure to make restitution payments. The

---

[1] It was important to Probation that the Court know they were motivated to file the petition based primarily on the first four allegations which the United States Attorney's Office decided to dismiss. On this point, I sense disagreement between the two agencies.

undisputed evidence shows that Defendant made the following payments between July

12, 2017 and May 3, 2019:

| | |
|---|---|
| November 15, 2017 | $40.00 |
| January 10, 2018 | $50.00 |
| February 12, 2018 | $25.00 |
| April 25, 2018 | $300.75 |
| February 29, 2019 | $776.96 |
| Total | $1,192.71 |

(Government's Hearing Exhibit 1). The final two payments are Defendant's federal

income tax refunds that were seized by the government. The remaining payments were

made by Defendant to the Clerk of Court.

The period during which the alleged violation occurred consists of 21 months and

22 days.[2] During this period Defendant owed $1,050 or $1,100 depending upon when the

May 2019 payment came due. Either way, Probation received more money which it

applied to Defendant's restitution during this period than Defendant was obligated to pay.

Still, the government argues that Defendant has violated his conditions of supervised

release because the government only considers "voluntary payments" in deciding

whether Defendant has violated his supervised release. Probation Officer Delgadillo

testified that the government's position is not contained in Defendant's Judgment and

Sentence and Officer Delgadillo does not know if, or where this policy appears in writing.

There is no evidence that Defendant was ever informed of the government's position on

---

[2]
https://www.timeanddate.com/date/durationresult.html?m1=07&d1=12&y1=2017&m2=05&d2=03&y2=2019&ti=on.

voluntary versus involuntary payments and the government cites no legal authority to support its position.

Defendant argues that he was not forced to file his tax returns and therefore, the resulting refunds should not be construed as involuntary payments. He also notes that in April 2019 he asked Officer Delgadillo to garnish his wages to ensure that the restitution payments were made. This did not happen because the Financial Litigation Unit informed Officer Delgadillo that the monthly amount was too small and garnishment is ordinarily not implemented until an offender completes his term of supervised release.

I find that the government is attempting to violate Defendant based on a policy for which it has provided no legal authority; it cannot say the policy is written down anywhere; and there is no evidence that Defendant knew about the policy. If that was not enough, the government is attempting to violate Defendant for nonpayment during a period in which he actually paid more than was required by his Judgment and Sentence. After considering both sides presentations, I find by a preponderance of the evidence that Defendant did not fail to make restitution payments as alleged in paragraph 5 of the petition and I respectfully recommend that this proceeding be dismissed with prejudice.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 29, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      United States Probation
      Defendant